IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00213-GPG

LUIS A. LARES,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE THIRD AMENDED APPLICATION

---

    Applicant, Luis A. Lares, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  On February 18, 2015, he filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7).  On February 19, 2015, the court ordered Mr. Lares to file a second amended application because he failed to identify the conviction he is challenging and he failed to assert any claims for relief.  On March 11, 2015, Mr. Lares filed a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9).

    The court must construe the second amended application liberally because Mr. Lares is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Mr. Lares will be ordered to file a third amended application if

he wishes to pursue his claims in this action.

The second amended application is deficient because Mr. Lares fails to provide a clear statement of the federal constitutional claims he is asserting. Mr. Lares is challenging the validity of his conviction in Denver District Court case number 06CR7162. He asserts three claims for relief identified as "Failure to Investigate," "Court Erred in Allow[ing] Change of Plea," and "Ineffective Counsel." (ECF No. 9 at 5-6.) Even construing these claims liberally as federal constitutional claims, Mr. Lares still fails to provide specific factual allegations in support of each claim that demonstrate his federal constitutional rights have been violated. For example, Mr. Lares' conclusory assertions that counsel was ineffective by failing to communicate and investigate are not sufficient in the absence of specific factual allegations that identify what counsel failed to communicate and investigate and how Mr. Lares was prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (ineffective assistance of counsel claims lack merit unless the applicant shows that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to the defense). Similarly, Mr. Lares fails to support his change of plea claim with specific factual allegations that demonstrate his federal constitutional rights have been violated. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Lares has failed to provide a clear statement of the federal constitutional claims he is asserting as he was directed to do. However, he has made some effort to

comply with the court's prior order.  Therefore, Mr. Lares will be given one final opportunity to file an amended pleading that provides a clear statement of the claims he is asserting and the specific factual allegations that support those claims.  Mr. Lares is reminded that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Lares must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual allegations in support of each asserted claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Lares file a third amended application that clarifies the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Mr. Lares shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Lares fails within the time allowed to file a third amended application that complies with this order, the action will be dismissed without further notice.

DATED March 12, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge